**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CENTURY SURETY COMPANY, an Ohio corporation, | No. 13-35039 |
| Plaintiff - Appellee, | D.C. No. 2:12-cv-00823-MJP |
| v. | MEMORANDUM[*] |
| BELMONT SEATTLE, LLC, a California limited liability company, and MARWAN and JACQUELINE F. BAHU, husband and wife, and their marital community, | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted October 8, 2013
Seattle, Washington

Before: TASHIMA, GRABER, and MURGUIA, Circuit Judges.

Century Surety Company ("Century") sued Belmont Seattle, LLC

("Belmont"), and two of its partners, Marwan and Jacqueline F. Bahu, seeking a

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

declaration that it had no duty to defend Belmont and the Bahus in a civil suit alleging construction defects in condominium units Belmont had converted from rental units and subsequently sold. Century had issued a liability insurance policy that Belmont asserts covered the units it sold. Whether any of the units were covered by the policy – and whether Century had a duty to defend – depends on whether Belmont had ever "rented" any of the units or "held [them] for rental" while the policy was in effect. The district court determined that Westmoore Management, LLC ("Westmoore"), a partner in Belmont that was also responsible for managing the rental tenancies of units prior to their conversion and sale, "stood in the shoes of Belmont." On this basis it found that Belmont had "rented" the units or "held [them] for rental," and so granted summary judgment to Century. However, on this record, at the summary judgment stage, it was not appropriate to reach the conclusion that Westmoore "stood in the shoes of Belmont."

There is no dispute that Belmont and Westmoore have always been legally distinct entities; what is disputed is whether the district court should have disregarded that distinction. Under governing California law,[1] "'the corporate

---

[1] Because Belmont is a California limited liability company, Washington state law requires courts to apply California law with regard to "its organization and internal affairs and the liability of its members and managers." Wash. Rev. Code § 25.15.310(1)(a).

form will be disregarded only in narrowly defined circumstances and only when the ends of justice so require.'" *Zoran Corp. v. Chen*, 110 Cal. Rptr. 3d 597, 606 (Ct. App. 2010) (quoting *Mesler v. Bragg Mgmt. Co.*, 702 P.2d 601, 607 (Cal. 1985)). Summary judgment based on disregard of the corporate form is typically not appropriate, because "[w]hether a party is liable under an alter-ego theory is normally a question of fact." *Id.* (citing *Las Palmas Assocs. v. Las Palmas Ctr. Assocs.*, 1 Cal. Rptr. 2d 301, 317 (Ct. App. 1991)). Depending on the circumstances, many factors may potentially be considered, and "'[n]o single factor is determinative.'" *Id.* at 607 (quoting *Virtualmagic Asia, Inc. v. Fil-Cartoons, Inc.*, 121 Cal. Rptr. 2d 1, 13 (Ct. App. 2002)). The district court based its conclusion seemingly exclusively on language in a deed transferring the property at issue to Belmont from a joint venture that included Westmoore as a member. The deed states that a "mere change in identity or form" distinguishes Belmont from the joint venture it succeeded. This single document by itself is not sufficient to prove that Belmont is Westmoore's alter ego, and the record is unclear as to whether other potentially relevant factors would support or undermine the district court's conclusion. *See id.* at 606-07. Because it may not be possible to impute Westmoore's activity to Belmont, it is not an indisputable fact that Belmont "rented" the condominium units it later sold or "held them for rental." Summary

3

judgment may very well be appropriate on a more developed record, but it was not appropriate on this one.

Both Belmont and the Bahus noticed appeal, but the Bahus failed to file any briefing, nor did they join Belmont's briefing. Consequently, their appeal is not properly before this court. *See* General Order 2.3(a).

We **REVERSE** the district court's order granting summary judgment to Century as to Belmont and **REMAND** for further proceedings. We **DISMISS** the Bahus' appeal.